IN THE COURT OF APPEALS OF TENNESSEE
EASTERN SECTION

FILED

**January 12, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

M & M PROPERTIES                )    SEVIER COUNTY
                                )    03A01-9705-CH-00171
        Plaintiff-Appellee      )
                                )
                                )
        v.                      )    HON. C. S. RAINWATER, JR.,
                                )    CHANCELLOR
                                )
ANNA RUTH MAPLES, et al.        )
                                )
        Defendants-Appellants   )    AFFIRMED AND REMANDED

PHILIP NEMETH OF GATLINBURG; FRANK B. BIRD and L. LEE KULL OF
MARYVILLE FOR APPELLANTS

DUDLEY W. TAYLOR OF KNOXVILLE and DONALD B. OAKLEY OF MORRISTOWN
FOR APPELLEE

O P I N I O N

Goddard, P.J.

This is a suit for declaratory judgment brought by
M & M Properties, a general partnership, against Anna Ruth Maples
and her daughter, Dorothy Maples Roberts, seeking a determination
that the lease held by M & M Properties as to a certain tract in
Gatlinburg, sometimes denominated in the record as "the Extended
Lease," expires on December 31, 2034, rather than April 1, 2018,

the termination date of the original lease as to the tract in question.

Both parties move for summary judgment based upon the record which consists of numerous pleadings, attachments, affidavits and depositions.

The Chancellor entered a comprehensive, detailed and scholarly memorandum opinion which is attached as an Appendix to this opinion and is adopted as the opinion of this Court.

In reaching our conclusion relative to disposition of this appeal, we recognize that the Chancellor misstated the fact that the original lease on what is known as the mill property and the lease on what is known as the parking lot tract were paid by separate checks. It does appear that at least on a few occasions a single check was issued, and on other occasions two checks, each for one-half of the total rent owed. In any event, however, the checks were not called to the Chancellor's attention until a post-trial motion after he had filed his memorandum opinion. Moreover, we do not believe that, even if the rents were always paid by a single check, this presents an issue as to any material fact which would preclude entry of a summary judgment.

Finally, we observe that the Chancellor, in supporting his decision, relied on facts not appearing in the written instruments, and that there are certain matters found in the

record from which an inference could be drawn to support the Lessor's position that it was the intent of the parties the lease in question was dependent upon the continued lease of the parking lot property, which had long since expired because of failure to make the rental payments. While ordinarily such a state of facts would preclude entry of a summary judgment, in view of the fact that both parties move for such, contending the material determinative facts are undisputed, and it appears all facts necessary for the determination of this appeal are a part of the record, we are disinclined to vacate the judgment and remand the case because of the tenuous inferences that might be raised in the Lessor's favor.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for such other proceedings, if any, as may be necessary and collection of costs below. Costs of appeal are adjudged against the Lessors.

_____
Houston M. Goddard, P.J.

CONCUR:


_____
Charles D. Susano, Jr., J.


_____
William H. Inman, Sr.J.

3